## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 03 2015, 9:56 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Graham T. Youngs
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Everett Harry Koonce, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 3, 2015

Court of Appeals Case No.
45A03-1405-CR-184

Appeal from the Lake Superior Court; The Honorable Salvador Vasquez, Judge;
45G01-1310-FC-120

**May, Judge.**

Everett Harry Koonce, Jr., appeals his sentence of seven and a half years for Class C felony attempted battery by means of a deadly weapon.[1]  As the sentence was not inappropriate, we affirm.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2013, Koonce was arrested after he bumped a sixteen-year-old girl with his car and then chased her with his car, nearly running over her when she tripped and fell.  Koonce agreed to plead guilty and the judge imposed a sentence six months short of the maximum eight-year sentence allowed for a Class C felony.

## DISCUSSION AND DECISION

Koonce argues his sentence is inappropriate because it imposes an undue hardship on his family, who needs his assistance caring for his father so that his mother can maintain employment.[2]

> We may revise a sentence authorized by statute if, after due
> consideration of the trial court's decision, the Court finds that the
> sentence is inappropriate in light of the nature of the offense and the

---

[1] Ind. Code § 35-42-2-1(a)(3) (2013).

[2] Koonce also claims the trial court did not give due consideration to certain mitigating circumstances including his remorse, his taking responsibility for his actions by pleading guilty, and the undue hardship the sentence will have on his family.  However, "the trial court no longer has any obligation to 'weigh' aggravating and mitigating factors against each other when imposing a sentence."  *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).  As such, we will not reweigh the factors that brought the trial court to its decision for sentencing.  *See Healey v. State*, 969 N.E.2d 607, 616 (Ind. Ct. App. 2012) ("the determination of mitigating circumstances is within the discretion of the trial court . . . and a trial court is not required to give the same weight to proffered mitigating factors as does a defendant"), *trans. denied*.

character of the offender. Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied. Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. In addition to the due consideration we are required to give to the trial court's sentencing decision, we understand and recognize the unique perspective a trial court brings to its sentencing decisions.

[4] *Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012) (citations and quotation marks omitted), *reh'g denied*, *trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[5] At the time Koonce committed his crime, the sentencing range for a Class C felony was "between two (2) and eight (8) years, with the advisory sentence being four (4) years." Ind. Code § 35-50-2-6(a) (2013). The court imposed a seven and a half year sentence. Koonce claims that is inappropriate in light of his character and the nature of his offense.

[6] As for Koonce's character, the record reflects: Koonce, a thirty-seven-year old man, has a predilection for young girls, and the court surmised he is "a predator of children." (Sent. Hrg. Tr. at 39-40.) His first offense against children was in 1991 and would have been felony child molestation if he had been an adult. In 2005, Koonce was charged with rape and incest and was convicted of Class C felony sexual misconduct with a minor pursuant to a plea agreement. Koonce was convicted of various drug offenses. Prosecution was deferred twice and

probation was allowed once. Although Koonce completed some self-help programs while in the Department of Correction, those programs and his prior punishments did not deter him from committing the instant offense. Koonce has been given the benefit of leniency and treatment to no avail, which leads us to conclude his sentence is not inappropriate in light for his character.

[7] As to his offense, Koonce asserts his actions "were not particularly egregious." (Appellant's Br. at 9.) Koonce prowled around the area of a high school; he stopped his car in front of a teenage girl in an alley, forcing her to walk around his car; he bumped her with his car as she walked down the alley in front of him; he began chasing her with his car after she confronted him for bumping her; he drove after her through a park on a bicycle path; and when the girl tripped and fell, Koonce nearly ran over her with his car. We decline to characterize his crime as "not particularly egregious." The victim testified she is "so scared and paranoid" that she does not go anywhere on her own. (Sent. Hrg. Tr. at 28.) Although she was not hurt physically, she was traumatized mentally and emotionally. (*See id.* ("I'm terrified.").) We cannot say this sentence is inappropriate in light of the nature of his offense.

[8] The trial court did not impose an inappropriate sentence on Koonce based on his character or offense. Accordingly, we affirm.

[9] Affirmed.

Barnes, J., and Pyle, J., concur.