**Luigi AMALFITANO, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A02–1102–CR–243.

Court of Appeals of Indiana.

Oct. 31, 2011.

David W. Stone, IV, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Katherine M. Cooper, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

Luigi Amalfitano challenges his sentence following a plea of guilty to Class B felony criminal confinement;[1] Class C felony battery with serious bodily injury;[2] Class D felony exploitation of an endangered adult;[3] Class D felony financial exploitation of an endangered adult;[4] two counts of Class D felony theft;[5] Class D felony obtaining a prescription by fraud;[6] and two counts of Class D felony possession of a controlled substance.[7] Amalfitano argues the trial court abused its discretion by relying on improper aggravating circumstances and his sentence is inappropriate given his character and the nature of his offense. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 27, 2010, Officer Freddy Tevis of the Anderson Police Department went to Amalfitano's residence to perform a welfare check on sixty-five year old A.T. Officer Tevis asked Amalfitano if A.T. was inside the home, and he said she was not. Amalfitano gave Officer Tevis permission to search the house, and Officer Tevis found A.T. locked in a small utility room. When Amalfitano saw her in the utility room, he said, "[A.T.], when did you get here?" (Tr. at 28.) Police arrested Amalfitano and called for paramedics to assist A.T.

A.T. emerged from the room "very disoriented, confused . . . like she didn't know where she was." (*Id.* at 30.) She weighed only 85 pounds and was too weak to walk unassisted to the ambulance. Her right eye was swollen shut, she had bruises on her forehead, arms, and legs, and she had cuts and open sores on her arms and legs. She was hospitalized for treatment.

Police discovered Amalfitano had invited A.T. to live with his family in the fall of 2009 after he discovered she had recently been displaced. Amalfitano and his family had kept A.T. locked in the utility room so they could force her to turn over her social security checks and prescription medication. The room had boarded windows and bare walls, and it was furnished only with a urine-soaked mattress and a water heater that made the room extremely hot. A.T. was given little food and was not allowed to leave to use the bathroom. Officer Tevis testified a bag containing urine and feces was hanging from the inside doorknob of the room and the conditions were "barely fit to contain an animal, let alone a human being." (App. at 50.) Amalfitano admitted he allowed his sons to hit A.T. in the head and to douse her with either scalding hot or cold water on a daily basis. Once a month, Amalfitano and his sons escorted A.T. to cash her social security check, which they then spent on themselves.

The State charged Amalfitano with nine felony counts, and Amalfitano pled guilty

---

1.  Ind.Code § 35–42–3–3(a)(1) & (b)(2)(B).

2.  Ind.Code § 35–42–2–1(a)(3).

3.  Ind.Code § 35–46–1–12(a)(1) & (b)(2).

4.  Ind.Code § 35–46–1–12(c) & (d)(2).

5.  Ind.Code § 35–43–4–2(a).

6.  Ind.Code § 35–48–4–14(c).

7.  Ind.Code § 35–48–4–7(a).

to all charges. The trial court imposed the maximum sentence allowed under the plea agreement—forty-six years, with thirty-four years executed in the Indiana Department of Correction and twelve years suspended to probation.

## DISCUSSION AND DECISION

### 1. *Sentencing Discretion*

■ Sentencing decisions rest within the sound discretion of the trial court and are reviewed only for abuse of discretion. *Smallwood v. State,* 773 N.E.2d 259, 263 (Ind.2002). To provide for meaningful appellate review, trial courts are required to enter reasonably detailed sentencing statements when imposing a sentence for a felony. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind.2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind.2007). A trial court may abuse its discretion when issuing a sentencing statement if: 1) it does not enter a sentencing statement at all, 2) the statement explains reasons for imposing a sentence but those reasons are not supported in the record, 3) the statement omits reasons clearly supported by the record that were advanced for consideration, or 4) reasons given in a statement are improper as a matter of law. *Id.* at 490–91. If a sentencing order lists aggravating and mitigating circumstances, the order must identify all such circumstances and explain why each has been determined to be aggravating or mitigating. *Id.* at 490.

The sentencing order listed five aggravating factors: 1) Amalfitano's criminal history, 2) the age of the victim, 3) the mental health of the victim, 4) Amalfitano's violation of a position of trust, and 5) Am-

alfitano's participation in a criminal enterprise with his family. The trial court found no mitigating factors.

Amalfitano challenges two of the aggravators—his criminal history and his position of trust with the victim. The record supports both.

■ Amalfitano's criminal history includes several felonies in multiple states,[8] which were detailed in the Pre–Sentence Investigation (PSI) report. Amalfitano admitted the relevant portions of the report were accurate. In light of that record, we cannot find the court abused its discretion by finding Amalfitano's criminal history to be an aggravator. *See Atwood v. State,* 905 N.E.2d 479, 488 (Ind.Ct.App.2009) (even limited criminal history held to be valid aggravator).

■ The record also establishes Amalfitano violated a position of trust with respect to A.T. A position of trust exists where a defendant has "more than a casual relationship with the victim and has abused the trust resulting from that relationship." *Rodriguez v. State,* 868 N.E.2d 551, 555 (Ind.Ct.App.2007). Amalfitano claims a landlord-tenant relationship cannot create a position of trust, but in this circumstance it does. "Generally, cohabitation arrangements of nearly any character between adults do in fact, and should, establish a position of trust between the adults and minors living or staying together." *Id.* Although A.T. was not a minor, Amalfitano knew she suffered from dementia when he offered her shelter in his home. Thus, we hold he placed himself in a position of trust with A.T. prior to hold-

---

**8.** His convictions include felony conspiracy to commit burglary and misdemeanor possession of burglary tools in New York in 1985, felony larceny/grand theft and misdemeanor issuing worthless checks in Florida in 2003, two counts of possession of narcotic equip-

ment in Florida in 2006, felony fraud/larceny/grant theft and felony insurance fraud in Florida in 2006, misdemeanor fraud and false informing in Florida in 2007, and felony check fraud in Indiana in 2010.

ing her captive, allowing his sons to physically abuse her, and stealing her money and her prescription drugs.

■ Amalfitano also argues the trial court should have found his guilty plea and expression of remorse to be mitigating factors. A guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Wells v. State,* 836 N.E.2d 475, 479 (Ind.Ct.App.2005), *trans. denied.* Furthermore, a trial court is not obliged to explain why it has not found a factor to be mitigating. *Anglemyer,* 868 N.E.2d at 493.

■ The court considered both Amalfitano's guilty plea and his expression of remorse, but rejected them as mitigators. In light of the substantial evidence against Amalfitano, we cannot say his plea was entitled to significant weight as a mitigating factor. Neither can we say, in light of the trial court's authority to judge the credibility of witnesses, the court erred by rejecting Amalfitano's alleged remorse. Thus, Amalfitano has not demonstrated an abuse of discretion.

### 2. *Appropriateness*

■ We will not disturb a lawful sentence unless it is inappropriate based on the character of the offender and the nature of the offense. Ind. Appellate Rule 7(B); *Boner v. State,* 796 N.E.2d 1249, 1254 (Ind.Ct.App.2003). The defendant bears the burden of demonstrating his sentence is inappropriate. *Patterson v. State,* 909 N.E.2d 1058, 1063 (Ind.Ct.App.2009). Amalfitano has not carried his burden.

For over six months, Amalfitano kept sixty-five year old A.T. locked in a utility closet so he could steal her monthly social security benefits and prescription drugs. Amalfitano supplied A.T. little food, forced her to urinate and defecate in a plastic bag, subjected her to conditions described as unfit for even an animal, and allowed his sons to beat her on a daily basis. In light of these facts, we cannot say a forty-six year sentence is inappropriate for his offenses.

As for his character, Amalfitano's criminal history details several felonies in multiple states including burglary, grand theft, and fraud. *See supra* n. 8. That he could lock a sixty-five year old woman with dementia in a closet for more than six months, keeping her barely alive, so that he could steal her social security checks and prescription medications, which he used to satisfy his own addiction, does not speak well of his character. Nor does his knowingly permitting his children, one of whom was only twelve-years-old, to physically assault that woman on a daily basis suggest his character is upstanding. In sum, nothing about Amalfitano's character suggests his forty-six year sentence is inappropriate.

Given Amalfitano's lengthy criminal history and the egregious nature of his crimes, we cannot say his sentence is inappropriate. Accordingly, we affirm.

Affirmed.

NAJAM, J. and RILEY, J., concur.