**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DONALD R. SHULER**
Barkes, Kolbus, Rife & Shuler, LLP
Goshen, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CLIFFORD N. WHITMER, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1302-CR-70 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART CIRCUIT COURT
The Honorable Terry C. Shewmaker, Judge
Cause No. 20C01-0110-CF-115

**August 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Clifford N. Whitmer, II, appeals the fifty-year sentence he received for his conviction of robbery resulting in serious bodily injury, a Class A felony. He argues that his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

On the morning of October 12, 2001, Charles Woods and Whitmer decided to burglarize Woods's uncle's business so that Woods could pay a drug debt. They walked to a high school, where they intended to steal a car to get to the uncle's business more quickly. Whitmer took a hammer with him.

Stephanie Stewart, who taught at the high school, drove into the school's parking lot at 7:00 a.m. and got out of her car. She had come to work early that day to help students prepare the school magazine. Whitmer and Woods approached her, and Whitmer asked her for the time. Stewart sensed something was wrong and asked them not to hurt her. Whitmer, ignoring her plea, grabbed her by the shoulder and hit her in the face four times with the hammer.

Stewart fell to the ground. Whitmer searched her pockets for her car keys and gave them to Woods. As Woods attempted to open the door, Whitmer heard someone coming toward them, so they ran away. Whitmer threw the hammer into a yard as he ran. After Woods and Whitmer were arrested, Whitmer initially told the police that Woods had attacked Stewart. Whitmer later admitted that he had wielded the hammer.

Stewart was taken to the hospital and diagnosed with a fractured skull, among other injuries. She survived, but as we discuss in more detail below, her injuries were severe and long-lasting.

The State charged Whitmer with attempted murder, a Class A felony, and robbery resulting in serious bodily injury. The parties subsequently entered into a plea agreement. Pursuant to the plea agreement, Whitmer pleaded guilty to robbery resulting in serious bodily injury, and the State agreed to dismiss the charge of attempted murder. The sentence was left up to the court.

The court accepted the parties' plea agreement and sentenced Whitmer to a fifty-year term. During the sentencing hearing, the State dismissed two other misdemeanor cases against Whitmer. Whitmer did not timely appeal his sentence.

In 2005, Whitmer filed a petition for post-conviction relief. Counsel appeared on his behalf and requested leave to file a belated notice of appeal. The court granted leave, but Whitmer's counsel failed to move forward with the appeal. Whitmer subsequently obtained new counsel, and he filed with this Court a petition for permission to pursue a belated appeal. A panel of this Court denied Whitmer's petition. *Whitmer v. State*, No. 20A03-1203-CR-122 (Ind. Ct. App. Mar. 30, 2012).

Next, Whitmer filed another petition for post-conviction relief. He alleged ineffective assistance of counsel, asserting that counsel had abandoned his belated direct appeal. The parties subsequently filed with the post-conviction court a "Joint Motion to Grant Amended Pro Se Petition for Post-Conviction Relief." Appellant's App. p. 168. In the Joint Motion, the parties agreed that Whitmer had received ineffective assistance of

counsel with respect to his appeal and asked that Whitmer be allowed to pursue a belated direct appeal of his sentence. The post-conviction court granted the Joint Motion, and this appeal followed.

DISCUSSION AND DECISION

Whitmer asks this Court to reduce his sentence because he believes it to be inappropriate.[1] A sentence authorized by statute can be revised on appeal where it is inappropriate in light of the nature of the offense and the character of the offender. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (citing Indiana Appellate Rule 7(B)).[2] The goal of our review is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate. *Id.* The burden is on the defendant to persuade us that the sentence is inappropriate. *Coleman v. State*, 946 N.E.2d 1160, 1170 (Ind. 2011).

We begin with Whitmer's sentence. At the time he committed his crime, a person who committed a Class A felony could be imprisoned for a fixed term of thirty years, with not more than twenty years added for aggravating circumstances and not more than

---

[1] Whitmer also argues in passing that his sentence is an "abuse of discretion." Appellant's Br. p. 9. A claim that the trial court abused its discretion during sentencing is distinct from a claim that one's sentence is inappropriate in light of the nature of the offense and the character of the offender. *See generally Anglemyer v. State*, 868 N.E.2d 482 (Ind. 2007) (explaining the differences between the two sentencing claims), *clarified on reh'g*, 875 N.E.2d 218 (2007). Whitmer does not present arguments or cite to authority on the question of whether the trial court abused its discretion during sentencing, so we do not address the matter further.

[2] At the time Whitmer committed his crime, Indiana Appellate Rule 7(B) provided a different standard for review of sentences, specifically whether "the sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B) (2001). Whitmer asserts that we should use the current "inappropriateness" test, rather than the former standard, in assessing his claim. We agree. *See Kien v. State*, 782 N.E.2d 398, 416 n.12 (Ind. Ct. App. 2003), *trans. denied.*

ten years subtracted for mitigating circumstances. Ind. Code § 35-50-2-4 (1995). The trial court sentenced Whitmer to the maximum possible term of fifty years.

Turning to the nature of the offense, it was brutal and senseless. Whitmer and his accomplice approached Stewart, who was alone in a parking lot. Whitmer struck her in the face with a hammer four times. The impacts fractured Stewart's skull and left two "gaping" lacerations which doctors found difficult to treat and suture. Appellant's App. pp. 241-42. The lacerations left scars on her face. As a result of the attack, Stewart experienced traumatic brain damage, which hindered her comprehension ability, organization skills, and attention span. She also experienced problems maintaining her balance and was unable to drive. Others had to organize her medications for her. In addition, Stewart experienced panic attacks. At the time of sentencing, Stewart attended three-hour rehabilitation sessions three to four days per week, and she estimated it would be at least a year before she would be able to return to work.

Whitmer argues that Stewart's injuries do not justify an enhanced sentence because the infliction of serious injury is an inherent element of his crime. We disagree. Although a factor constituting a material element of a crime cannot be considered an aggravating circumstance in enhancing a sentence, the particular manner in which a crime is committed may serve as an aggravating circumstance. *Johnson v. State*, 687 N.E.2d 345, 347 (Ind. 1997). Here, Whitmer's use of a hammer to strike Stewart in the face resulted in long-lasting injuries, requiring arduous rehabilitation and depriving her of the ability to work in her chosen field for a lengthy period of time. The injuries also had a severe, long-term emotional impact upon Stewart. These injuries go beyond the

5

minimum evidence necessary to establish the element of "serious injury" in Whitmer's crime and may be considered in evaluating the appropriateness of his sentence.

We further note in relation to the nature of the offense that Stewart pleaded with Whitmer and Woods not to hurt her, and she indicated at sentencing that if they had demanded her car keys, she would have turned them over. Instead, Whitmer almost immediately struck her with the hammer and searched her for her keys as she lay on the ground, which demonstrates a strong predisposition for violence. In addition, after inflicting grievous, potentially fatal injuries upon Stewart, Whitmer fled instead of seeking help for her. It also reflects poorly on Whitmer that his violent robbery of Stewart was a stepping stone to another planned crime, the burglary of Woods's uncle's business. Finally, although Whitmer eventually admitted he committed the crime, he initially tried to convince the police that Woods was the attacker. He submitted a detailed, false statement under penalties of perjury describing how Woods allegedly struck Stewart.

Next, we turn to the character of the offender. At the time of sentencing, Whitmer was eighteen years of age. Starting at age fifteen, he was repeatedly adjudicated a delinquent for running away and incorrigibility. Whitmer was also adjudicated a delinquent for acts that, if committed by an adult, would have constituted residential entry, felony battery, domestic battery, burglary, and auto theft. In addition, he was waived to adult court in relation to one incident and found guilty of felony criminal recklessness with a deadly weapon. Whitmer characterizes his criminal record as "minimal." Appellant's Br. p. 13. To the contrary, it is troubling that Whitmer

6

accumulated so many adjudications and an adult felony conviction at a young age. Furthermore, it reflects badly on him that he continued to commit violent crimes despite repeated opportunities to correct his behavior, including several juvenile commitments to the Indiana Department of Correction.

Whitmer was on probation at the time he attacked Stewart. In addition, he admitted that he smoked marijuana every day and drank alcohol "constantly." Appellant's App. p. 190. Whitmer told the sentencing court that he was under the influence of crystal meth on the day of the crime.

Whitmer argues that his guilty plea reflects favorably upon him. We disagree. A guilty plea is not necessarily a mitigating circumstance where the defendant receives a substantial benefit from the plea or where the evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*. Here, Whitmer received a substantial benefit because the State agreed to dismiss the charge of attempted murder as part of the plea agreement. In addition, at sentencing the State moved to dismiss two pending misdemeanor cases against Whitmer "in light of the sentence in [this] case." Tr. p. 50.

Furthermore, the evidence against Whitmer was strong. The police took statements from eyewitnesses who saw Whitmer and Woods run away from the school. Some of the eyewitnesses later identified Woods in a photographic lineup. Stewart identified both Woods and Whitmer in photographic lineups. In addition, the high school's surveillance cameras recorded Whitmer and Woods on high school property shortly before the attack. Finally, after an initial, unsuccessful attempt to cast blame

upon Woods, Whitmer admitted in a sworn statement that he had attacked Stewart with the hammer. Thus, Whitmer's guilty plea does not require a reduction in his sentence.

Based upon this evidence, Whitmer has failed to convince us that his sentence is inappropriate.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

RILEY, J., and BROWN, J., concur.