## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2017, 9:04 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Anthony S. Churchward
Anthony S. Churchward, P.C.
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antonio D. Townsend,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 9, 2017

Court of Appeals Case No.
02A03-1611-CR-2630

Appeal from the Allen Superior Court.
The Honorable John F. Surbeck, Jr., Judge.
Trial Court Cause No.
02D06-1510-F5-280

**Darden, Senior Judge**

## Statement of the Case

[1] Antonio D. Townsend appeals the four-year sentence the trial court imposed after he pleaded guilty to criminal recklessness, a Level 5 felony, and carrying a handgun without a license, a Class A misdemeanor. We affirm.

# Issue

Townsend raises one issue, which we restate as: whether Townsend's sentence is inappropriate in light of the nature of the offenses and his character.

# Facts and Procedural History

On September 7, 2015, at approximately 2:30 in the afternoon, Townsend and his two friends were at an apartment complex in Fort Wayne, where their actions were recorded by a security camera. The recording showed Townsend pulling a handgun out of his pants as he walked out of an apartment building. He did not have a license to carry a handgun. Unprovoked, Townsend fired several shots into the parking lot. Next, a silver car accelerated through the parking lot, and its occupants fired into the building as Townsend fled back inside. The incoming gunfire shattered several windows, which fell on Townsend's friends. Townsend returned shots at the car and then, after the shooting was over, left the building, walked behind it, and concealed the handgun behind a dumpster.

Officers were dispatched to the scene. A witness told them that Townsend hid the handgun behind the dumpster. Townsend told the officers he was defending himself and his friends from people who shot at them from a passing car. He further stated a friend dropped the gun during the shooting and he picked it up and fired in self-defense. The officers later received the security camera recording and arrested Townsend after reviewing the recording.

[5] The State charged Townsend with criminal recklessness and carrying a handgun without a license. Approximately a month before trial, Townsend entered a plea of guilty as charged without a plea agreement. The court accepted the guilty plea.

[6] At sentencing, Townsend conceded the surveillance video showed him provoking the gun fight. The court sentenced Townsend to an aggregate sentence of four years, with two years suspended to probation. The court further ordered Townsend to serve the sentence consecutively to a nine-year sentence for armed robbery from another case. This appeal followed.

## Discussion and Decision

[7] Townsend argues his sentence is inappropriate and should be reduced. Although a trial court may have acted within its lawful discretion in fashioning a sentence, the Court may revise the sentence "'if, after due consideration of the trial court's decision, [we] find[ ] that the sentence is inappropriate in light of the nature of the offense and the character of the offender.'" *Foutch v. State*, 53 N.E.3d 577, 580 (Ind. Ct. App. 2016) (quoting Ind. Appellate Rule 7(B)). The role of appellate review under Appellate Rule 7(B) is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Whether we regard a sentence as inappropriate turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in each case. *Id*. at 1224. The defendant bears

the burden of persuading this Court that his sentence is inappropriate. *Clark v. State*, 26 N.E.3d 615, 618 (Ind. Ct. App. 2014), *trans. denied*.

[8] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Blair v. State*, 62 N.E.3d 424, 430 (Ind. Ct. App. 2016). At the time Townsend committed his offenses, the maximum sentence for a Level 5 felony was six years, the minimum was one year, and the advisory sentence was three years. Ind. Code § 35-50-2-6 (2014). The maximum sentence for a Class A misdemeanor was one year. Ind. Code § 35-50-3-2 (1977). The trial court sentenced Townsend to four years for criminal recklessness, with two years suspended to probation. The court further sentenced Townsend to one year for carrying a handgun without a license. The court directed Townsend to serve the sentences concurrently, for a total sentence of four years, with two executed. Finally, the court directed Townsend to serve his aggregate sentence consecutively to a nine-year sentence for armed robbery in an unrelated case.

[9] Turning to the nature of the offense, Townsend presents no argument on the issue. In any event, we note that Townsend provoked a gunfight in an apartment complex in broad daylight. He fired shots from a handgun at several individuals in a silver car, who in turn sped away through the parking lot and returned fire at Townsend and his friends. Townsend's actions endangered the lives of people in the car, himself, his friends, and possibly others in the complex.

In addition, Townsend attempted to deceive investigators by hiding the handgun. He also lied to the officers, claiming the people in the silver car shot first and, in self-defense, he picked up the gun and fired it after a friend had dropped it. If not for the security camera recording, Townsend may have succeeded in obstructing the officers' investigation.

As for the character of the offender, Townsend was nineteen years old at the time of sentencing. His presentence investigation report revealed a lengthy juvenile history, including an adjudication in Florida for an act that would have constituted battery if committed by an adult. In Indiana, he had been adjudicated a delinquent for acts that, if committed by an adult, would have constituted escape, and receiving stolen auto parts, both as Class D felonies. He also had delinquency adjudications for battery, criminal trespass, resisting law enforcement, and conversion, all Class A misdemeanors if committed by an adult. As an adult, less than a month after he committed the current offenses, he committed armed robbery, a Level 3 felony, for which he later received a nine-year sentence. Townsend amassed a significant criminal history all within a few short years.

Townsend argues he is entitled to credit for pleading guilty without a plea agreement, well in advance of the trial date, thereby conserving valuable judicial resources. A guilty plea is not necessarily a mitigating factor where the evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*. Here, there was a live witness to the event, Townsend's

criminal behavior was recorded by a security camera, and he conceded at sentencing that the recording shows him initiating the gunfight. We conclude Townsend has failed to demonstrate that his sentence is inappropriate.

# Conclusion

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Bailey, J., and Robb, J., concur.