## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 22 2017, 5:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stanley L. Campbell
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lisa G. King, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | June 22, 2017 <br><br> Court of Appeals Case No. <br> 90A02-1610-CR-2469 <br><br> Appeal from the Wells Circuit Court <br><br> The Honorable Kenton W. Kiracofe, Judge <br><br> Trial Court Cause No. <br> 90C01-1602-F4-6 |

**Barnes, Judge.**

# Case Summary

Lisa King appeals her two-year sentence for one count of Level 6 felony possession of methamphetamine. We affirm.

# Issues

The issues before us are:

I.    whether the trial court abused its discretion in sentencing King; and

II.    whether her sentence is inappropriate.

# Facts

On February 12, 2016, the State charged King with Level 4 felony dealing in methamphetamine, Level 5 felony possession of chemical reagents or precursors with intent to manufacture a controlled substance, Level 6 felony theft of a firearm, and Level 6 felony unlawful possession or use of a legend drug. The charges were based on the Bluffton Police Department's discovery of methamphetamine precursors, stolen firearms, and prescription medication in a vehicle belonging to Daniel Zerbe, Sr. King was in a relationship with Zerbe, Sr. at the time and empty prescription bottles belonging to her also were found in the car. The bottles were found in a makeup bag, which also contained the prescription drug methylprednisolone; this drug did not have any prescription information with it. Additionally, there was information that King was seen in or near the car on February 1, 2016, along with Zerbe, Sr. and his son, Daniel

Zerbe, Jr., and all three were reported by a neighbor to be engaged in suspicious behavior, such as shining flashlights in or around the car for about an hour. King was arrested and incarcerated on March 16, 2016, and never bonded out of jail.

[4] On August 17, 2016, King agreed to plead guilty to a new charge, Level 6 felony possession of methamphetamine, and the State dismissed the four original charges. The plea contained no sentencing limit. King informed the probation officer preparing the presentence investigation report that she had been contacted by Zerbe, Sr., through Facebook[1] while she was in a drug treatment program in Tennessee and that he eventually convinced her to come to Indiana with him to help Zerbe, Jr., get into drug addiction treatment. Instead, by December 2015, Zerbe, Sr. was manufacturing methamphetamine, and King was using it daily.

[5] On September 28, 2016, the trial court sentenced King to a term of two years executed. The court said it was giving King "some weight" for her guilty plea but that she had received a substantial benefit in the dismissal of the original four charges. Tr. Vol. II p. 34. It also found that her criminal history warranted an enhanced sentence. King now appeals.

---

[1] King's ex-husband is Zerbe, Sr.'s brother.

# Analysis

## *I. Abuse of Discretion*

[6] King first claims the trial court abused its discretion in sentencing her. An abuse of discretion in identifying or not identifying aggravators and mitigators occurs if it is "'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.'" *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)). Additionally, an abuse of discretion occurs if the record does not support the reasons given for imposing sentence, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. *Id.* at 490-91.

[7] King argues that the trial court erred in discounting the mitigating weight of her guilty plea based on the State's dismissal of the original four charges. However, the weight that the trial court decides to assign to an aggravator or mitigator is not subject to appellate review. *Id.* at 491. King cannot establish an abuse of discretion on this issue.

## *II. Appropriateness*

[8] We now assess whether King's sentence is inappropriate under Indiana Appellate Rule 7(B) in light of her character and the nature of the offense. *See Anglemyer*, 868 N.E.2d at 491. Although Rule 7(B) does not require us to be "extremely" deferential to a trial court's sentencing decision, we still must give

due consideration to that decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* "Additionally, a defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate." *Id.*

[9] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* Whether a sentence is inappropriate ultimately turns on the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Id.* at 1224. When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] The sentencing range for a Level 6 felony is six months to two-and-a-half years, with the advisory sentence being one year. *See* Ind. Code § 35-50-2-7(b). Thus, King's sentence was at the upper level of the range. As to the nature of the offense, King admitted to possessing an unspecified amount of

methamphetamine. She had been using the drug regularly for several months, and she has done so off and on for many years, having been in a rehabilitation program before this latest relapse. King's admitted offense fits an unfortunate pattern often seen with this highly-addictive drug.

[11] Regarding the character of the offender, the most substantial disagreement between the parties is the significance of her guilty plea as a reflection of good character. Courts at any level must carefully assess the mitigating weight of a guilty plea. *Marlett v. State*, 878 N.E.2d 860, 866 (Ind. Ct. App. 2007), *trans. denied*. "One factor to consider in determining such weight is whether the defendant substantially benefited from the plea because of the State's dismissal of charges in exchange for the plea." *Id.* However, we agree with King that the dismissal of charges does not automatically counteract the mitigating weight of a guilty plea where the record is unclear that the State actually could have garnered convictions on the dismissed charges. *See id.*

[12] Ultimately, based on the limited record before us, it is unclear that the State could have obtained a conviction against King on any of the original charges it brought against her, with the possible exception of illegally possessing a legend drug (methylprednisolone), which is the same felony level as the crime to which she pled guilty. King's plea did not contain a cap on her possible sentence. Thus, King delivered a substantial benefit to the State by pleading guilty and did not receive much in return. This is not a case in which King's guilty plea appears merely to have been a "pragmatic decision." *Cf. Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[13] Still, we cannot conclude that King's sentence is inappropriate. She has a criminal history in Tennessee consisting of a 1997 conviction for misdemeanor public intoxication and 2008 misdemeanor convictions for "simple possession," possession of a drug without a prescription, and possession of paraphernalia. App. Vol. II p. 33. Thus, although King does not have a lengthy or particularly serious criminal history, what she does have is closely related to the current offense. King also admitted to frequent drug use in the months prior to the current offense, as well as off-and-on substance use for many years. We acknowledge the difficulties inherent with battling substance abuse. However, King has tried various punitive and non-punitive roads to rehabilitation, and in fact left her most recent rehabilitation attempt to move to Indiana and be with Zerbe, Sr. and began receiving a steady supply of methamphetamine from his manufacturing operation. King's multiple prior attempts at rehabilitation, in and out of the justice system, have been unsuccessful. Furthermore, King has prior arrests for child neglect, domestic assault, resisting arrest, forgery, and theft; at the time of sentencing, she also was facing a pending charge in Ohio for tampering with evidence in a murder case involving Zerbe, Sr. Although not technically constituting a criminal history, a defendant's history of arrests, as well as pending charges he or she is facing, may properly be considered when evaluating a defendant's character for sentencing purposes. *See Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991); *Hape v. State*, 903 N.E.2d 977, 1001 (Ind. Ct. App. 2009), *trans. denied*. In sum, even if we give full credit to King for pleading guilty, her criminal history, history of arrests, history of frequent drug usage

that she has not been able to conquer, and pending charges lead us to conclude that an enhanced sentence of two years is not inappropriate.

## Conclusion

King's abuse of discretion sentencing argument is not viable, and her sentence of two years for Level 6 felony possession of methamphetamine is not inappropriate. We affirm.

Affirmed.

Baker, J., and Crone, J., concur.