## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 14 2018, 10:46 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sally Skodinski
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael Jackson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 14, 2018

Court of Appeals Case No.
71A03-1710-CR-2567

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1704-F6-382

**Bailey, Judge.**

# Case Summary

[1] Michael Jackson ("Jackson") appeals his sentence, following a guilty plea, for Escape, as a Level 6 felony.[1] On appeal, he raises the sole issue of whether the trial court abused its discretion when it sentenced him. We affirm.

# Facts and Procedural History

[2] On April 28, 2017, the State charged Jackson with two counts of rape, as a Level 1 felony;[2] one count of criminal confinement, as a Level 3 felony;[3] and battery, as a Level 5 felony[4] in cause number 71D03-1604-F1-9. As a condition of bond, Jackson was required to wear a global positioning system ("GPS") monitor. The court held a bench trial on March 20, 2017, and took the matter under advisement. On April 26, the trial court issued an order finding Jackson guilty of one count of Level 1 felony rape; one count of Level 5 felony battery as a lesser included charge of rape; and one count of Level 3 felony criminal confinement. The trial court found Jackson not guilty of the Level 5 felony battery charge.

---

[1] Ind. Code § 35-44.1-3-4(b).

[2] I.C. § 35-42-4-1(b).

[3] I.C. § 35-42-3-3(b)(2).

[4] I.C. § 35-42-2-1(g).

[3]     Jackson did not appear for an April 28 sentencing hearing in that case, and the trial court issued a bench warrant for his arrest. At approximately 10:20 a.m. that same day, Michael Wells ("Wells") with the DuComb Center was monitoring GPS alerts and noticed that Jackson's monitor had issued a tamper alert at 10:02 a.m. that day. Jackson's case manager then called Wells to inform him that Jackson's GPS transmitter had been found on a street in South Bend.

[4]     The State charged Jackson with escape as a Level 6 felony in cause number 71D03-1704-F6-382. On July 5, 2017, without a plea agreement, Jackson pled guilty to the charge and admitted that he intentionally removed an electronic monitoring device or a GPS tracking device. The parties waived a pre-sentence report. At the following sentencing hearing, the prosecutor noted that a video from a recording device in the courthouse lobby showed Jackson absconding from the courthouse on the date he was to be sentenced for the other charges, i.e., April 28. The prosecutor observed that it appeared from the video that Jackson or his female companion had arranged for someone to pick them up from the courthouse and that his escape seemed to be "calculated." Tr. Vol. II at 13, 14. The prosecutor also noted that Jackson was ultimately apprehended in another city and that the State and U.S. Marshals had expended resources in order to apprehend Jackson. Jackson did not offer any mitigating factors for consideration at his sentencing.

[5]     In determining Jackson's sentence for escape as a Level 6 felony, the trial court noted that Jackson had past criminal convictions for burglary, possession of

marijuana, solicitation, operating while intoxicated, and conversion, in addition to the other more serious and recent convictions for rape and criminal confinement. The trial court sentenced Jackson to two and one-half years in the Department of Correction to be served consecutive to his aggregate sentence on the other charges. This appeal ensued.

# Discussion and Decision

[6] Jackson challenges his sentence. Sentencing decisions lie within the sound discretion of the trial court. *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). An abuse of discretion occurs if the decision is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Gross v. State*, 22 N.E.3d 863, 869 (Ind. Ct. App. 2014) (citation omitted), *trans. denied*. A trial court abuses its discretion in sentencing a defendant if it does any of the following:

> (1) fails "to enter a sentencing statement at all;" (2) enters "a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any[5]—but the record does not support the reasons;" (3)

---

[5] We note that the trial court does not have "an obligation to weigh aggravating and mitigating factors against each other when imposing a sentence." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). However, neither is the trial court prohibited from identifying facts in aggravation or mitigation. *Id*. And, if the trial court does find the existence of such factors, "then the trial court is required to give 'a statement of the court's reasons for selecting the sentence that it imposes.'" *Id*. (quoting Ind. Code § 35-38-1-3 (2006)). The trial court did so in this case when it noted Jackson's criminal history during its imposition of his sentence. Tr. Vol. II at 15.

enters a sentencing statement that "omits reasons that are clearly supported by the record and advanced for consideration;" or (4) considers reasons that "are improper as a matter of law."

*Id.* (quoting *Anglemyer v. State*, 868 N.E.2d 482, 490-491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007)). However, the relative weight or value assignable to reasons properly found, or those which should have been found, is not subject to review for abuse of discretion, *id.*, and a trial court is under no obligation to explain why a proposed mitigator does not exist or why the court gave it insignificant weight, *Sandleben v. State*, 22 N.E.3d 782, 796 (Ind. Ct. App. 2014), *trans. denied*.

[7] Jackson's specific contention is that the trial court erred in its sentencing by failing to find his guilty plea to be a mitigating factor. "The significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer*, 875 N.E.2d at 221. As this court has noted previously, "[a] guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011) (citation omitted), *trans. denied*. Here, the evidence indicating that Jackson was guilty of the crime of escape was so overwhelming that his decision to plead guilty was simply pragmatic. There was video recording which showed Jackson escaping from the courthouse on

the day in question,[6] and his GPS monitor had been found in an alley soon thereafter. Given the substantial evidence against Jackson, the trial court did not abuse its discretion when it failed to find Jackson's guilty plea to be a mitigating factor. *Id.*

[8] Affirmed.

Kirsch, J., and Pyle, J., concur.

---

[6] The State had disclosed the existence of the video tape to Jackson in its June 7, 2017, disclosure of discovery. Appellant's App. at 41.