## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 20 2018, 6:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kristin A. Mulholland
Appellate Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney
General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jeremy Lasalle Roy, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 20, 2018 <br><br> Court of Appeals Case No. 18A-CR-1944 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Salvador Vasquez, Judge <br><br> Trial Court Cause No. 45G01-1712-F4-42 |

**Bradford, Judge.**

# Case Summary

In June of 2018, pursuant to a plea agreement, Jeremy Lasalle Roy pled guilty to Level 4 felony burglary in this case and admitted to violating the terms of probation imposed in another case. In exchange, the State agreed to dismiss all remaining counts in this case. The trial court sentenced Roy to ten years of incarceration. Roy contends that his sentence is inappropriate in the light of the nature of his offenses and his character. Because we disagree, we affirm.

# Facts and Procedural History

On December 13, 2017, Kenyana Morson was home alone when she heard a knock at the front door and noticed an unfamiliar car parked in the driveway. Morson called her fiancé to ask if he was familiar with the car, he told her that he was not and to call the police. As Morson called the police, Roy kicked the back door in and entered the house. Morson hid in a closet as she remained on the line with emergency dispatch and could hear Roy moving throughout the house. When police arrived at the home, Morson ran outside and informed them that the burglar was still inside. As Roy attempted to exit the house, he was arrested by police.

On December 14, 2017, the State charged Roy with Level 4 felony burglary and Level 6 felony residential entry under cause number 45G01-1712-F4-42 ("Cause No. F4-42") and subsequently amended the information, alleging him to be a habitual offender. On June 18, 2018, pursuant to a plea agreement, Roy pled

guilty to Level 4 felony burglary and an agreed sentencing cap of nine years with sentencing to be at the discretion of the court. Additionally, Roy admitted to violating the terms of probation imposed in cause number 45G01-1211-FB-107 ("Cause No. FB-107") and agreed to a sentence of three years to be served consecutive to his sentence in Cause No. F4-42. In exchange, the State agreed to dismiss all remaining counts in Cause No. F4-42. On July 5, 2018, the trial court sentenced Roy to seven years of incarceration in Cause No. F4-42 and three years of incarceration in Cause No. FB-107, for an aggregate sentence of ten years.

# Discussion and Decision

[4] Roy contends that his ten-year sentence is inappropriate. We may revise a sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008) (internal citations omitted). The defendant bears the burden of proving that his sentence is inappropriate in light of both the nature of his offense and his character. *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013). Roy pled guilty to a Level 4 felony burglary in Cause No. F4-42 and admitted to violating the terms of probation in Cause No. FB-107 (which involved a burglary conviction) and received an aggregate sentence of ten years of incarceration, a

sentence that is less than the maximum possible sentence for a single Level 4 felony burglary conviction. *See* Ind. Code § 35-50-2-5.5.

[5] The nature of Roy's offenses does not support a reduction in his sentence. Roy kicked in the door causing property damage to the home, all while Morson was present in the home. Morson had to hide in the closet as she spoke to emergency dispatch until police arrived to provide protection. We find it troubling that Roy committed the burglary by causing significant property damage and while the victim was inside the home.

[6] Roy's character also does not support a reduction in his sentence. The twenty-eight-year-old Roy has a history with the juvenile and criminal justice systems that dates back to an arrest at age twelve. As a juvenile, Roy was adjudicated delinquent for what would be Class A misdemeanor battery resulting in bodily injury, Class A misdemeanor resisting law enforcement, and two counts of Class B misdemeanor disorderly conduct if committed by an adult. As an adult, Roy has convictions for Class B felony burglary, Class C felony burglary, two counts of Class D felony theft, and nine misdemeanors. Roy has also previously violated the terms of probation. At the time of sentencing in this case, there was an active warrant for Roy's arrest issued out of Marion County. Despite his many contacts with the juvenile and criminal justice systems, Roy has been unwilling to conform his actions to societal norms.

[7] Roy claims that he is a "family man" and that he accepted responsibility for his actions by pleading guilty. However, neither claim of good character is

supported by the record. Roy lives in Gary while his child resides with the child's mother in Indianapolis, and Roy has not been court-ordered to pay any child support. Moreover, Roy, who was arrested at the scene as he attempted to leave the residence, made a pragmatic decision by pleading guilty because, in exchange, the State agreed to dismiss the Level 6 felony residential entry charge and the habitual offender allegation. *See Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011) (noting that a guilty plea is not necessarily a mitigating factor where the defendant receives a substantial benefit from it or where the evidence is so strong the plea is merely a pragmatic decision), *trans. denied*. Roy has failed to establish that his sentence is inappropriate in the light of both the nature of his offense and his character.

[8] The judgment of the trial court is affirmed.

Bailey, J., and Brown, J., concur.