## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 28 2019, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

R. Thomas Lowe
Lowe Law Office
Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Angela Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Randy M. Blecher,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

February 28, 2019

Court of Appeals Case No.
18A-CR-1360

Appeal from the Orange Circuit Court

The Honorable Steven L. Owen

Trial Court Cause No.
59C01-1709-F4-1072

**May, Judge.**

Randy M. Blecher appeals following his conviction of Level 4 felony sexual misconduct with a minor.[1] He argues his twelve-year sentence is inappropriate. We affirm.

# Facts and Procedural History

In March 2017, thirty-seven-year-old Blecher began talking to fifteen-year-old J.K. through KIK, a smartphone application. Blecher told J.K. he was twenty-eight years old. After about two weeks of messaging, Blecher and J.K. were communicating on a regular basis. Blecher and J.K shared an interest in music. Blecher used this to get closer to J.K., learn more about her, and gain her trust. In May 2017, Blecher and J.K. began discussing things of a sexual nature. Blecher and J.K. also exchanged nude pictures. Blecher "took advantage" of J.K.'s condition and situation at home. (Tr. Vol. III at 65.) Blecher acknowledged J.K. had mental health issues. (Defendant's Ex. at 3.)

On July 8, 2017, Blecher took J.K. and her friend to Bloomington, Indiana. While in Bloomington, Blecher took J.K. to a hotel, where J.K. performed oral sex on Blecher. On August 20, 2017, J.K. told Blecher that her mom was gone for the day. Blecher drove from Cincinnati, Ohio, to Paoli, Indiana. Blecher and J.K. had sex that morning. J.K.'s mother came home midday and found Blecher hiding in J.K.'s closet. After Blecher left, J.K. attempted to commit

---

[1] Ind. Code § 35-42-4-9(a)(1) (2014).

suicide. Police were dispatched to the home, and J.K. was transported to the hospital. On September 9, 2017, Blecher and J.K. again exchanged messages through KIK. J.K. again tried to commit suicide again as the criminal proceedings unfolded.

[4] J.K.'s mother identified Blecher from a photo lineup, and police arrested him on October 5, 2017. The State charged Blecher with Level 4 felony sexual misconduct with a minor. Blecher pled guilty, and the trial court sentenced him to twelve years with three years suspended to probation.

# Discussion and Decision

[5] Blecher argues his sentence is inappropriate in light of his character and the nature of his offense.

> We "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). "Although appellate review of sentences must give due consideration to the trial court's sentence because of the special expertise of the trial bench in making sentencing decisions, Appellate Rule 7(B) is an authorization to revise sentences when certain broad conditions are satisfied." *Shouse v. State*, 849 N.E.2d 650, 660 (Ind. Ct. App. 2006), trans. denied (citations and quotation marks omitted). "[W]hether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). In addition to the "due consideration" we are required to give to

the trial court's sentencing decision, "we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007).

*Couch v. State*, 977 N.E.2d 1013, 1017 (Ind. Ct. App. 2012), *reh'g denied, trans. denied*. The appellant bears the burden of demonstrating his sentence is inappropriate. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[6] When considering the nature of the offense, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 875 N.E.2d 218 (Ind. 2007). The sentence for a Level 4 felony is a fixed term between two and twelve years, with the advisory sentence being six years. Ind. Code § 35-50-2-5.5 (2014). The trial court sentenced Blecher to twelve years; thus, he received the maximum sentence.

[7] Regarding the nature of Blecher's offense, the trial court notes Blecher knew that J.K. was underage and vulnerable. Blecher knew that J.K. had mental health issues, and he groomed her by learning about her in order to make her more susceptible to his advances. *See Purvis v. State*, 829 N.E.2d 572, 588 (Ind. Ct. App. 2005) (grooming vulnerable victim justified aggravated sentence), *trans. denied, cert. denied* 547 U.S. 1026 (2006). As a result of Blecher's actions, J.K. suffered emotionally, and she "beat herself up" over what had happened.

(Tr. Vol. II at 49.) J.K. twice attempted suicide and failed multiple classes as a result of her interactions with Blecher. (Tr. Vol. II at 48, 51.)

[8] As to Blecher's character, the trial court acknowledged Blecher has no criminal history. The trial court also considered Blecher's willingness to enter into a plea agreement. However, Blecher spent multiple months lying to J.K. and manipulating her. Blecher and J.K. discussed their shared interest in music, and Blecher learned about J.K.'s personal life, so that he could take advantage of her. Although he was not charged for the actions, Blecher solicited nude pictures from J.K., sent nude pictures to her, and, on his request, received oral sex from her. The trial court was allowed to consider those acts as aggravating factors. *See Singer v. State*, 674 N.E.2d 11, 15 (Ind. Ct. App. 1996) (uncharged crimes against children could be considered for an enhanced sentence). In light of the nature of Blecher's offense and Blecher's character, we cannot say his twelve-year sentence is inappropriate.

## Conclusion

[9] Given the nature of the offense, *i.e.*, the grooming of J.K. and the extent to which she suffered from Blecher's actions, and the character of the offender, *i.e.*, he "took advantage" of a child with emotional issues for his own sexual gratification, (Tr. Vol. III at 65), we cannot say Blecher's twelve-year sentence is inappropriate. Accordingly, we affirm.

[10] Affirmed.

Tavitas, J., concurs.

Baker, J., dissent with separate opinion.

| Randy M. Blecher, | Court of Appeals Case No. |
|---|---|
| *Appellant-Defendant,* | 18A-CR-1360 |
| v. | |
| State of Indiana, | |
| *Appellee-Plaintiff* | |

**Baker, Judge, dissenting.**

I respectfully dissent. While I acknowledge the severity of Blecher's crime and resulting trauma to J.K., it is undisputed that his risk to reoffend is low, that he has zero criminal history, that he pleaded guilty without the benefit of a plea agreement, and that he was remorseful at sentencing. Moreover, the State recommended an eight-year sentence, with two years suspended, for an executed advisory term of six years. I believe that under these circumstances, the twelve-year sentence imposed by the trial court is inappropriate. I would reverse with instructions to impose the sentence recommended by the State.