## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 12 2019, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael K. Thompson, *Appellant-Defendant,* | August 12, 2019 |
| v. | Court of Appeals Case No. 19A-CR-1000 |
| | Appeal from the Bartholomew Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Kelly S. Benjamin, Judge |
| | Trial Court Cause Nos. 03C01-1810-F4-5660 03C01-1810-F6-6065 |

**Najam, Judge.**

## Statement of the Case

Michael Thompson appeals his sentence after he pleaded guilty to dealing in methamphetamine, as a Level 4 felony, pursuant to a plea agreement. Thompson raises a single issue for our review, namely, whether the trial court abused its discretion when it did not find Thompson's guilty plea to be a significant mitigating factor. We affirm.

## Facts and Procedural History

On August 24, 2017, and September 12, 2017, Thompson delivered between one and five grams of methamphetamine to a confidential informant working with the Bartholomew County Joint Narcotics Enforcement Team. Thereafter, the State executed a search warrant for Thompson's residence. When Thompson opened the door for the officers, the officers immediately "smelled the odor of burnt marijuana and observed a cloud of smoke." Appellant's App. Vol. 2 at 34. Inside, the officers seized various controlled substances and paraphernalia.

The State charged Thompson with two counts of dealing in methamphetamine, each as a Level 4 felony, and one count of maintaining a common nuisance, as a Level 6 felony. In February of 2019, Thompson agreed to plead guilty to one count of dealing in methamphetamine, as a Level 4 felony. In exchange, the State agreed to dismiss the remaining two counts and further agreed to a maximum sentence of six years for Thompson's Level 4 felony conviction.

[4]	The trial court held a sentencing hearing in April, and Thompson testified at that hearing. Following the parties' presentation of evidence and argument, the court accepted the plea agreement and sentenced Thompson as follows:

> The Court notes at the outset the benefit to Mr. Thompson of the remaining cause and the remaining counts being dismissed.
>
> The Court has to look at certain factors; aggravating and mitigating circumstances but also within that, looking at the character of the defendant, the seriousness of the crime[,] and the harm to the community.
>
> Mr. Thompson what makes your case . . . frankly perplexing . . . [is] you come across as trying to figure out what is the best way to say something to make [you] look good. You make comments and you[']r[e] involved in circumstances and with people and somehow you really have nothing to do with any of it. You're trying to remove yourself from the scenario as best you can to make it look like you really didn't do anything too bad and that's really concerning because you sold drugs. You made money from it. You sold for money.
>
> You talk about in your letter . . . about how this was . . . a nightmare that won't end. . . . People using drugs that is a nightmare for them . . . . [Y]ou also contributed to a nightmare for others and you quite frankly do not seem able to appreciate that in any respect. None.
>
> There's an apology to your family and friends . . . but there's no apology to people you sold to; to the community; no forthrightness, and what you actually did. And that's actually, quite frankly, really hard to listen to because the seriousness of the crime is great. The damage it causes to people individually, to families and to communit[ies] is great. And you're saying you

sold drugs for almost 10 years, at least eight. But just to a couple of people. . . .

. . . Instead of honesty, it appears you make excuses[. I]nstead of owning up, you skirt the issues. Quite frankly, very little appreciation for why you're here.

The Court recognizes he has no past criminal convictions . . . .

The Court does find as aggravating his inability . . . to recognize the seriousness of this offense or the crime which he committed[ and] a lack of remorse.

Tr. Vol. 2 at 36-37. The court then ordered Thompson to serve six years in the Department of Correction, with three years executed and three years suspended. This appeal ensued.

## Discussion and Decision

[5] Thompson asserts on appeal that the trial court abused its discretion when it did not recognize his guilty plea as a significant mitigating factor. Sentencing decisions "rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind.) ("*Anglemyer I*"), *clarified on reh'g*, 875 N.E.2d 218 (2007) ("*Anglemyer II*"). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotations and citation omitted). A trial court may abuse its discretion by failing to enter a sentencing statement, entering findings of aggravating and mitigating factors

unsupported by the record, omitting factors clearly supported by the record and advanced for consideration, or giving reasons that are improper as a matter of law. *Id.* at 490-91.

[6] "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id.* at 493. Although "a defendant who pleads guilty deserves 'some' mitigating weight be given to the plea in return," the "significance of a guilty plea as a mitigating factor varies from case to case." *Anglemyer II*, 875 N.E.2d at 220-21. A plea "may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility," *id.*, or when the decision to plead guilty is merely a pragmatic one, *e.g. Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[7] Thompson has not met his burden on appeal to show that his guilty plea was significant mitigating evidence. The trial court expressly found that, his plea of guilty notwithstanding, Thompson had failed to demonstrate sincere acceptance of responsibility for his actions. Further, Thompson's decision to plead guilty was surely pragmatic. The State's case against Thompson, which was premised on two controlled drug buys and the personal observations of officers inside Thompson's home, was very strong. Likewise, in exchange for his plea, Thompson received, as the trial court recognized, the substantial benefits of a dismissed Level 4 felony charge, a dismissed Level 6 felony charge, and a sentencing cap of six years, only half of which the trial court ordered to be

executed.  Accordingly, Thompson cannot show that the trial court abused its discretion when it did not find his guilty plea to be a significant mitigator.  We affirm Thompson's sentence.

[8]   Affirmed.

Bailey, J., and May, J., concur.