## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 27 2017, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stacy R. Uliana
Bargersville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Janet M. King, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | July 27, 2017 <br><br> Court of Appeals Case No. 90A02-1701-CR-156 <br><br> Appeal from the Wells Circuit Court <br><br> The Honorable Kenton Kiracofe, Judge <br><br> Trial Court Cause No. 90C01-1605-F6-53 |

**Barnes, Judge.**

## Case Summary

[1] Janet King appeals her sentence for Level 6 felony theft. We affirm.

# Issues

King raises two issues, which we restate as:

> I. whether the trial court abused its discretion when it sentenced her; and
>
> II. whether her sentence is inappropriate in light of the nature of the offenses and the character of the offender.

# Facts

On May 8, 2016, an asset protection associate saw fifty-year-old King place multiple items in her purse at a Wal-Mart store in Bluffton. The employee stopped King at the front of the store and contacted police. King was arrested and admitted to the officer that she tried to take the items. The State charged King with Level 6 felony theft. The offense was enhanced to a Level 6 felony based on a prior conversion conviction.

In October 2016, King pled guilty to Level 6 felony theft without a plea agreement. At the sentencing hearing, the trial court found King's criminal history as an aggravating circumstance. The trial court sentenced King to two years in the Department of Correction. King now appeals.

# Analysis

## I. Abuse of Discretion

King argues that the trial court abused its discretion when it sentenced her. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d

218. However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravators or mitigators, is not subject to appellate review. *Id.*

[6] King argues that the trial court improperly failed to identify her guilty plea and acceptance of responsibility as significant mitigating circumstances. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000). A claim that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493. A guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic. *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*. Here, Wal-Mart employees saw King place items in her purse and try to leave the store. There was surveillance video of King's activities. She admitted to the officer that she tried to take the

items. Based on the evidence against her, we cannot conclude that her guilty plea was anything but pragmatic. The trial court did not abuse its discretion when it did not consider her guilty plea and acceptance of responsibility as mitigating factors.[1]

## II. Inappropriate Sentence

King argues that her two-year sentence is inappropriate under Indiana Appellate Rule 7(B). King requests the imposition of a one-year sentence with any additional time served on probation.

Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his

---

[1] King argues that whether a guilty plea is mitigating focuses on the benefits to the parties, not the strength of the State's case. However, in *Anglemyer v. State*, 875 N.E.2d 218, 221 (Ind. 2007), our supreme court found that the trial court did not abuse its discretion by omitting reference to the defendant's guilty plea when imposing sentence. The supreme court's decision was based, in part, on the fact that the plea agreement was "'more likely the result of pragmatism than acceptance of responsibility and remorse'" because the evidence against the defendant was overwhelming. *Anglemyer*, 875 N.E.2d at 221 (quoting *Mull v. State*, 770 N.E.2d 308, 314 (Ind. 2002)). King's argument fails.

or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[9] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[10] Indiana Code Section 35-50-2-7(b) provides that a person who commits a Level 6 felony "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2 ½) years, with the advisory sentence being one (1) year." The trial court here imposed a two-year sentence on King, which is above the advisory sentence but less than the maximum sentence allowable.

[11] The nature of the offense reveals that King attempted to shoplift over $100 in items from a Wal-Mart store. The nature of the offense is not egregious.

[12] King's character, however, left the trial court few options in imposing the sentence here. King has a substantial criminal history, and a history of

violating probation and home detention. In 1991, King pled guilty to Class C misdemeanor operating a motor vehicle without financial responsibility. She violated her probation in that case on two occasions. In 1992, King pled guilty to Class B misdemeanor public intoxication. She again violated her probation on two occasions. In 2000, King pled guilty to Class A misdemeanor conversion, and she violated her probation on two occasions. In 2005, King pled guilty to Class A misdemeanor check deception, and she violated her probation. In 2006, King pled guilty to Class D felony theft and Class C felony burglary. In 2008, King pled guilty to two counts of Class B felony dealing in a schedule IV controlled substance. In 2012, she pled guilty to Class A misdemeanor conversion and later violated her home detention.

[13] King has been unemployed for the past five years. She lives with her thirteen-year-old daughter, who is currently on probation. King argues that she is changing her behavior by participating in counseling and remaining drug free. King and her daughter had been participating in SCAN counseling twice a week because of her daughter's probation. King also had plans to participate in psychological counseling. King claimed in the PSI that she had not been using drugs since the instant offense. We cannot say, however, that King's recent alleged improvements overshadow her extensive criminal history. Given her criminal history and repeated probation violations, a two-year executed sentence is not inappropriate.

# Conclusion

The trial court did not abuse its discretion when it sentenced King, and her two-year sentence is not inappropriate in light of the nature of the offense and the character of the offender. We affirm.

Affirmed.

Baker, J., and Crone, J., concur.