## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 14 2017, 9:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donald E.C. Leicht
Kokomo, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew B. Mackenzie
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Franklin Wilcox, *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, *Appellee-Plaintiff.* | December 14, 2017 <br><br> Court of Appeals Case No. 34A04-1706-CR-1447 <br><br> Appeal from the Howard Superior Court <br><br> The Honorable William C. Menges, Judge <br><br> Trial Court Cause No. 34D01-1704-F6-447 |

**Barnes, Judge.**

# Case Summary

Franklin Wilcox appeals his aggregate 2.5 year sentence for Level 6 felony neglect of a dependent, Level 6 felony possession of a synthetic drug or lookalike substance, and Class C misdemeanor possession of paraphernalia. We affirm.

# Issue

Wilcox raises two issues, which we restate as:

    I.      whether the trial court abused its discretion in sentencing him; and

    II.    whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender.

# Facts

During the relevant period, Wilcox was on probation and violated the terms of his probation by failing to report to the Howard County Probation Department. On April 5, 2017, the Howard County Sheriff's Department executed an arrest warrant at his residence for a separate offense in the presence of Wilcox's wife and their child. The officers found the house in filthy condition. Wilcox "stated that he had some paraphernalia in the bedroom upstairs" and "informed [the officers] where . . . the items were located." App. Vol. II p. 14. The officers recovered a white powdery synthetic drug or lookalike substance and smoking devices or pipes from the bedroom.

[4] As a result, on April 7, 2017, the State charged Wilcox with Level 6 felony neglect of a dependent, Level 6 felony possession of a synthetic drug or lookalike substance, and Class C misdemeanor possession of paraphernalia. On May 22, 2017, the trial court an initial hearing. Wilcox entered pro se guilty pleas. In imposing its sentence, the trial court found Wilcox's criminal history to be a significant aggravating factor and found no mitigating circumstances. The trial court sentenced Wilcox to 2.5 years executed on each of the Level 6 felonies and sixty days executed on the Class C misdemeanor. Wilcox's sentences were ordered to be served concurrently and consecutively to his sentences in two other cases. He now appeals.

## Analysis

### I.    *Abuse of Discretion*

[5] Wilcox argues that the trial court abused its discretion when it sentenced him. Sentencing decisions are within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). However, a trial court may be found to have abused its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that explains reasons for imposing a sentence where the record does not support the reasons; (3) entering a sentencing statement that omits reasons that are clearly supported by the record and advanced for consideration; and (4) entering a sentencing statement in which the reasons given are improper as a matter of law. *Id.* at 490-91. The reasons or omission of reasons given for choosing a sentence are

reviewable on appeal for an abuse of discretion. *Id.* at 491. The weight given to those reasons, i.e. to particular aggravating or mitigating circumstances, is not subject to appellate review. *Id.*

[6] Wilcox argues that the trial court improperly failed to identify his guilty plea and the non-violent nature of his crimes as significant mitigating factors. A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000).

> [A] defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea.

*Anglemyer,* 875 N.E.2d at 220-21 (internal citations omitted).

[7] A guilty plea is not necessarily mitigating where the evidence against the defendant is so strong that his decision to plead guilty is merely pragmatic. *Amalfitano v. State,* 956 N.E.2d 208, 212 (Ind. Ct. App. 2011). The record reflects that, when he was arrested, Wilcox confessed to possessing illegal drugs and paraphernalia in his filthy home, and he knowingly exposed his child to that environment. We cannot say that his guilty plea was a significant

mitigator. Any error in the trial court's failure to identify it as a mitigating circumstance is harmless.

[8] Regarding his claim that the trial court should have considered the non-violent nature of his crime as a mitigating factor, we find that Wilcox—who has extensive experience with the criminal justice system—has waived any error, by his failure to mention it to the trial court at the sentencing hearing. *See Banks v. State,* 841 N.E.2d 654, 659 (Ind. Ct. App. 2006). The trial court did not abuse its discretion in sentencing him.

## II. *Inappropriate Sentence*

[9] Wilcox argues that his aggregate 2.5 year sentence is inappropriate under Indiana Appellate Rule 7(B). Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence is inappropriate in light of the nature of the offenses and the character of the offender. When considering whether a sentence is inappropriate, we need not be "extremely" deferential to a trial court's sentencing decision. *Rutherford v. State*, 866 N.E.2d 867, 873 (Ind. Ct. App. 2007). Still, we must give due consideration to that decision. *Id.* We also understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id.* Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[10] The principal role of Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We "should focus on the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* When reviewing the appropriateness of a sentence under Rule 7(B), we may consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence was suspended. *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[11] The nature of the offenses reveals that Wilcox, while living in squalor, possessed a white powdery synthetic drug or lookalike substance and smoking devices intended for illegal drug use and allowed his child to be in that environment. Regarding his character, his criminal history reflects negatively thereon as follows:

> [Wilcox] has been adjudicated a [juvenile] delinquent five times, and over the course of his adult history [he] has accumulated fourteen misdemeanor convictions and three felony convictions over the course of his 34-year life. [His] convictions include eight convictions for drug and/or alcohol crimes, as well as resisting law enforcement, theft, auto theft, carjacking, confinement, battery, and domestic battery. [He] has had seventeen petitions to revoke probation found true against him. [He] has received probation, numerous drug and alcohol treatment programs, jail sentences, and prison sentences.

Appellee's Br. p. 8 (internal citations omitted).  We also agree with the State that Wilcox's recidivism, "contempt for the rehabilitative processes [repeatedly] offered to him," and "disdain for the justice system" are aptly illustrated "by the fact that he was on probation and wanted on an unrelated warrant at the time of his arrest." *Id.*  Again, we regard Wilcox's guilty plea as a pragmatic decision, rather than one reflecting good character.  Given his extensive criminal history and failure to correct his behavior despite multiple opportunities to do so, the sentence imposed by the trial court is not inappropriate.

## Conclusion

[12] The trial court did not abuse its discretion when it sentenced Wilcox, and his sentence is not inappropriate. We affirm.

Affirmed.

May, J., and Bradford, J., concur.