## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 18 2018, 7:21 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian A. Karle
Ball Eggleston, PC
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Caroline G. Templeton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Wanya Marcellas Dunn, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | September 18, 2018 <br><br> Court of Appeals Case No. 18A-CR-1124 <br><br> Appeal from the Tippecanoe Superior Court <br><br> The Honorable Steven P. Meyer, Judge <br><br> Trial Court Cause No. 79D02-1712-F3-31 |

**Najam, Judge.**

# Statement of the Case

Wanya Marcellas Dunn appeals his sentence following his conviction for robbery, as a Level 3 felony. Dunn presents two issues for our review:

1. Whether the trial court abused its discretion when it sentenced him.

2. Whether his sentence is inappropriate in light of the nature of the offense and his character.

We affirm.

# Facts and Procedural History

On November 19, 2017, Dunn and Glenn Ladd, Jr. were passengers in a car being driven by Zachary Sondergrath in Lafayette. Dunn had seen Ladd loading a handgun when Dunn got into the car. The group was on its way to pick up Ladd's mother, but they decided to first stop and rob Anthony Cutillo,[1] who was walking along the side of the road. Sondergrath stopped the car, Dunn and Ladd got out, and Ladd placed the handgun in Cutillo's side and told him not to move. Dunn took Cutillo's backpack, and the group fled the scene in the car. A witness followed the men to a nearby church and called police, and officers with the Lafayette Police Department found Dunn, Ladd, and Sondergrath at the church a short time later and arrested them.

---

[1] The record is unclear whether Cutillo was known to anyone in the car.

[4] The State charged Dunn with robbery, as a Level 3 felony; conspiracy to commit robbery, as a Level 3 felony; and theft, as a Class A misdemeanor. On March 5, 2018, Dunn pleaded guilty to robbery, as a Level 3 felony, and the State dismissed the remaining charges. Dunn's plea agreement left sentencing open to the trial court's discretion.

[5] The trial court accepted Dunn's guilty plea and entered judgment of conviction accordingly. At sentencing, the court engaged in a lengthy and detailed examination of mitigators and aggravators, including Dunn's juvenile history:

> Your six (6) years as a juvenile surpasses a lot of criminal histories I see from adults. So, unfortunately for you, you are not the typical 17 year old that this court would like to see or that I hope that this is not an example of a lot of 17 year olds in our community. You just don't seem to get it. And you are on a collision course here sir that your actions and your crimes keep ramping up to more and more and more serious and more dangerous activities here that makes anyone concerned about the safety of this community by your own actions. It's amazing to me what you have accomplished in this six (6) years in terms of criminal activity, and the many opportunities that you have been given in the juvenile justice system. You started off by you know just being released to your family and then home detention type of opportunities where you cut off your bracelet and then you're sent to the Cary Home, then you are off to Boy's School and you know I mean the juvenile system I think has done about everything they can provided you with every opportunity and you've basically just thumbed your nose at every opportunity. And also what strikes me is, and I've read your letters from your family and your family seems to provide good support for you, they rely on you as a big brother and as a son and as a nephew, so maybe when you are at home you're a good kid and you're doing what – what's expected of you. But what strikes me is

several of the letters I wrote and even with your letter, I made a mistake is the impression I get; this is a mistake. Armed robbery with a gun picking a – picking out an innocent man walking down the street in front of Meijer is not a mistake. And furthermore, your activities from time to time; as I said in this criminal history, this is not a mistake. A mistake is maybe you walk out of Kohl's and you have something in your hand and you forget to buy it maybe, or you forget to pay for it, maybe that's a mistake. Repeated efforts here, repeated intentional acts on your part time and time and time again, that's not a mistake. It shows a pattern of criminal history here. The fact that you get out of boy's school and the first time out of boy's school and within 20 days you are doing another offense and then in this particular incident you get out of boy's school again within eight (8) or nine (9) days you're doing a more serious offense, that's not a mistake it's criminal thinking its intentional acts on your behalf that you're intentionally doing. And the videos that the State showed -provided, from the time that you were out from the last time in boy's school to the time you committed this armed robbery and you're out there having a great time smoking dope, waving around a gun. You're not getting it. Obviously, the last time at boy's school made no dent in your thinking. You're just happy to get out. You send text messages to girl, I think what I saw was I – I'm really high. I'm as high as whatever. That was just within days of your release from boy's school. You went right out and did what you did or what you know best which is go out and get high and start hanging out with guns and people who want to rob people. So, your history here is alarming and it's not a mistake. And it's not, I wrote down somebody said here during these proceedings, you're a little misguided. I think you're a lot more than that. A little misguided I think is depreciating the seriousness of what we have here today.

* * *

So, for that those are my first impressions of this case. On the mitigating side, I do find that you pled guilty, you came in and accepted responsibility. You appear to be cooperative with law enforcement, at least initially at the time of your arrest, there is some disagreement with the State in terms of how cooperative you've been with the statements you've made about this but overall I do show – I do think you've shown a cooperative spirit here. You have expressed remorse. As I said earlier, uh, you're well spoken; you've shown I think some remorse for this crime and willingness to express that remorse to the victim. As I said, mitigator is your family support; there are people here to support you. But I don't get it if they're really – if they are there to provide good support for you and you're not taking advantage of it. You don't like to stay any place one particular long time. You're 17 years old, you like to hang around. As soon as you get out of boy's school you want to hop around here and hop around there. I mean, you know if you're really going to provide a good role model for your siblings and for your little sister or brother, stay home and be that big brother instead of going around texting girls telling them you're in a gang, waving your gun around, taking shots of you, smoking dope. That's not a way to be a good brother. The mental health issues I'm not, there is some reference that you're ADHD and maybe another condition but it's not a strong mitigator to me. You've not been formally diagnosed. I haven't seen a lot of evidence here of any real strong serious mental health disorders, but it appears you do have some of those conditions that could be help with some medicines if you chose to take it or get proper treatment. You had opportunities when you got out of boy's school both times to go seek some mental health treatment and I don't see any evidence that you tried to do that. And as I said your youthful age is a mitigator. Another mitigator I will give you credit for and I don't want to diminish this in anyway because I think it is an important mitigator that this court finds is that you did participate in some rehabilitation program while at the county jail, and I appreciate the fact that you received your GED while there. On the aggravating side however, I do find that you have

an extensive criminal history even as a juvenile and uh, for the record the summary of – as it is summarized here in the pre-sentence report. You were adjudicated a delinquent child for misdemeanor offense of theft, resisting law enforcement, possession of marijuana, criminal mischief, and battery resulting in serious or battery resulting in bodily injury. And you were adjudicated a delinquent child for felony offenses for robbery in 2015, escape in 2015, auto theft in 2016, criminal confinement in 2017. You've had seven (7) motions to modify against you, that indicates to me that they are seeking to modify your juvenile sentence because in one way or the other you violated probation rules seven (7) different times with six (6) being found true and granted. You were committed to the Department of Boy's School for two - on two (2) different occasions and you were released from boy's school just a short time before this offense occurred. The overall seriousness and the nature of this offense is an aggravator. The fact that I think, or at least you profess to be when – in the text messages to the girl you're a gang member. I know you denied it to probation, but in the text that was provided to me just days before this incident you said, you were asked Wanya, are you in a gang? He says, yeah, you say yeah, why? And then the girl asks which one. I am IGD new breed. When asked to explain that you said Insane Gangster Disciple, I'm 720 not 360. So, you're awfully proud of that fact just about four or five (5) days before you went out and committed armed robbery by helping somebody stick a gun in an innocent person's ribs. So, you appear nice and clean cut and appropriate here today but when on your own you do show a different side of you which is concerning. All in all, I do find that the aggravators outweigh the mitigators and that executed time is appropriate here in this [case].

Tr. at 72-77. Accordingly, the trial court sentenced Dunn to ten years, with six years executed and three years and 185 days suspended to probation.[2] This appeal ensued.

# Discussion and Decision

## *Issue One: Abuse of Discretion*

[6] Dunn first contends that the trial court abused its discretion when it sentenced him. As our Supreme Court has explained,

> sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. . . . So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion. . . . An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom.

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the

---

[2] The trial court awarded Dunn 180 days credit for obtaining his GED while incarcerated.

trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

Because the trial court no longer has any obligation to "weigh" aggravating and mitigating factors against each other when imposing a sentence, . . . a trial court can not now be said to have abused its discretion in failing to "properly weigh" such factors. And this is so because once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then "impose any sentence that is . . . authorized by statute; and . . . permissible under the Constitution of the State of Indiana." I.C. § 35-38-1-7.1(d).

*Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007) ("*Anglemyer I*") (some citations and quotation marks omitted), *clarified on reh'g*, 875 N.E.2d 218 (2007) ("*Anglemyer II*").

[7] Here, in its written sentencing order, the trial court identified five aggravators, including "the overall seriousness of the offen[s]e," and seven mitigators, including that Dunn "pled guilty (diminished by Plea Agreement)." Appellant's App. Vol. 2 at 58-59. Dunn contends that the trial court abused its discretion when it identified the "seriousness of the offense" as an aggravator and when it discounted the mitigating weight of his guilty plea based on his plea agreement, for which he received no benefit. We address each contention in turn.

## Alleged Improper Aggravator

[8] Dunn maintains that the "seriousness of the offense" was an improper aggravator. In support, Dunn asserts that "the trial court did not point to any particular circumstance" to support that aggravator and "a trial court may not use a factor constituting a material element of an offense as an aggravating circumstance." Appellant's Br. at 9.

[9] In *Anglemyer I*, our Supreme Court stated that, "[c]oncerning the seriousness of the offense, this aggravator, which implicitly includes the nature and circumstances of the crime as well as the manner in which the crime is committed, has long been held a valid aggravating factor." 868 N.E.2d at 492. Here, at sentencing, the trial court observed that Dunn had committed the armed robbery after "picking out an innocent man walking down the street in front of Meijer." Tr. at 73. In other words, the court considered the offense "serious" because Cutillo had done nothing to deserve being targeted by Dunn. Because this aggravator does not include an element of the offense of robbery, and because it describes the nature and circumstances of the offense, the trial court properly identified this aggravator.

## Alleged Improper Mitigator

[10] Dunn also maintains that the trial court improperly gave "diminished" weight to his guilty plea when it identified it as a mitigator. In particular, in its sentencing order, the trial court identified as mitigating Dunn's guilty plea, but it noted that the plea was "diminished by Plea Agreement." Appellant's App. Vol. 2 at 59. On appeal, Dunn contends, and the State does not dispute, that

the trial court must have erroneously concluded that Dunn had received a benefit under the plea agreement, which he did not. In particular, while the State dismissed two charges in exchange for Dunn's plea, had Dunn not pleaded guilty and been convicted of all three charges at trial, double jeopardy principles would have prohibited the entry of judgment of conviction on the two charges that were ultimately dismissed. And his plea agreement left sentencing open to the trial court.

[11]  Dunn acknowledges that "the relative weight assigned to a mitigating circumstance is not grounds for an 'abuse of sentencing discretion' claim on appeal." Reply Br. at 8. Indeed, it is well settled that "a trial court can not now be said to have abused its discretion in failing to 'properly weigh'" mitigators. *Anglemyer I*, 868 N.E.2d at 491. Still, Dunn asserts that the trial court abused its discretion because it "mis-weighed a mitigator due to a mistake of law, not an exercise of discretionary factual assessment." Reply Br. at 8. Thus, he maintains that the court's "decision to discount Dunn's guilty plea was error as a matter of law." *Id.*

[12]  While a trial court may abuse its discretion if the reasons supporting the sentence are "improper as a matter of law," we will remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." *Anglemyer I*, 868 N.E.2d at 491. Here, even if the trial court had not discounted the mitigating weight of Dunn's guilty plea based on his plea agreement, his guilty plea does not otherwise deserve much mitigating weight,

if any, because the evidence against Dunn is so strong that his decision to plead guilty was surely a pragmatic one. *See Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011). The evidence against Dunn was overwhelming. An eyewitness followed the car in which Dunn was riding from the scene of the robbery to a church, where police officers arrested Dunn and the other two men a very short time later. Officers brought Cutillo to the church, where he identified Dunn as one of the men who robbed him. Thus, Dunn's guilty plea was merely pragmatic and does not deserve much mitigating weight. *See id.*

[13] In any event, in the context of the trial court's thorough explanation of aggravators and mitigators at the sentencing hearing, the court's passing reference in its written sentencing statement to the "diminished" weight assigned to Dunn's guilty plea is insignificant. We can say with confidence that, even had the trial court assigned more mitigating weight to Dunn's guilty plea, the court still would have imposed the same sentence.

### Issue Two: Appellate Rule 7(B)

[14] Dunn also contends that his ten-year sentence, with six years executed, is inappropriate in light of the nature of the offense and his character. Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." As the Indiana Supreme Court has explained, the "principal role of appellate review" under Rule 7(B) "should be to attempt to leaven the outliers" and not to "achieve a perceived 'correct' result

in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The defendant has the burden to persuade us that his sentence is inappropriate. *Anglemyer I*, 868 N.E.2d at 494.

[15] Dunn asserts that his sentence is inappropriate in light of the nature of the offense because it is "less egregious" than the typical armed robbery in that no one was injured, the gun was not fired, and Dunn was not armed. Appellant's Br. at 14. And he asserts that his sentence is inappropriate in light of his character because of his youth/lack of adult criminal history, his acceptance of responsibility and guilty plea, the assistance that he gives to family members, and the letters of support from friends and family, which show that he has good character and "potential for rehabilitation." *Id.* at 15.

[16] We cannot say that Dunn's ten-year sentence, with six years executed, is inappropriate in light of the nature of the offense. While Dunn was unarmed at the time of the robbery, and while the robbery was not planned, Dunn knew Ladd was in possession of a loaded handgun when Dunn got into the car. Thus, when Dunn exited the car with Ladd to rob Cutillo, Dunn knew or should have known that Ladd would use the handgun in the course of the robbery. And, as the trial court pointed out, within a few days of the robbery, Dunn admitted in a text message that he was a member of a gang. Dunn participated in a crime involving the use of a handgun and the threat of deadly force, and we cannot say that his sentence is inappropriate in light of the nature of the offense.

[17]     Neither is his sentence inappropriate in light of his character. Dunn's juvenile history is extensive and, as the trial court observed, "[Dunn's] actions and . . . crimes keep ramping up to more and more and more serious and more dangerous – dangerous activities[.]" Tr. at 72. And the court noted that "the juvenile system . . . [has] provided [Dunn] with every opportunity and [he has] basically just thumbed [his] nose at every opportunity." *Id.* Finally, again, Dunn admitted to being a member of a gang within a few days of the instant robbery. We cannot say that Dunn's sentence is inappropriate in light of his character. We affirm his sentence.

[18]     Affirmed.

Crone, J., and Pyle, J., concur.