# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2019, 9:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Christopher L. Clerc
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Matthew Streit,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | July 29, 2019<br><br>Court of Appeals Case No.<br>19A-CR-774<br><br>Appeal from the Bartholomew<br>Circuit Court<br><br>The Honorable Kelly S. Benjamin,<br>Judge<br><br>Trial Court Cause No.<br>03C01-1810-F6-5790 |

**Bradford, Judge.**

# Case Summary

[1]　In January of 2019, Matthew Streit agreed to plead guilty to Level 6 felony theft in cause number 03C01-1810-F6-5790 ("Cause No. 5790"). In exchange, the State agreed to dismiss all remaining counts in Cause No. 5790 and in cause number 03C01-1809-F6-5051 ("Cause No. 5051"). The trial court accepted the plea agreement and sentenced Streit to 912 days of incarceration. Streit contends that the trial court abused its discretion by failing to find his guilty plea to be a mitigating factor. We affirm.

# Facts and Procedural History

[2]　On September 12, 2018, the State charged Streit with Level 6 felony residential entry and Level 6 felony invasion of privacy in Cause No. 5051. On October 16, 2018, the State charged Streit with two counts of Level 6 felony theft in Cause No. 5790. On January 28, 2019, pursuant to a plea agreement, Streit agreed to plead guilty to Level 6 felony theft in Cause No. 5790. In exchange for his plea, the State agreed to dismiss all remaining counts in Cause Nos. 5051 and 5790 and refrain from filing any additional charges or enhancements. On March 7, 2019, the trial court sentenced Streit to 912 days of incarceration.

# Discussion and Decision

[3]　Streit contends that the trial court abused its discretion by failing to find his guilty plea to be a mitigating factor. Sentencing decisions are within the sound discretion of the trial court, and we review them only for an abuse of discretion.

*Amalfitano v. State*, 956 N.E.2d 208, 211 (Ind. Ct. App. 2011), *trans. denied*. "An abuse of discretion occurs if the decision is clearly against the logic and effects of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g on other grounds*, 875 N.E.2d 218 (2007). "A guilty plea is not necessarily a mitigating factor where the defendant receives substantial benefit from the plea or where evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano*, 956 N.E.2d at 212.

[4]    Here, Streit's decision to plead guilty was both beneficial and pragmatic. In exchange for his guilty plea to one count of Level 6 felony theft, the State agreed to dismiss three Level 6 felony counts. The State also agreed not to file any additional charges or enhancements. Further, the evidence against Streit was strong. Police recovered the stolen property from residences where Streit was living, and Streit's girlfriend told police that she saw some of the items in Streit's possession. Given that Streit's guilty plea was both beneficial and pragmatic, we conclude that the trial court did not abuse its discretion by failing to consider Streit's plea as a mitigating factor.

[5]    The judgment of the trial court is affirmed.

Vaidik, C.J., and Riley, J., concur.