## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Michael P. DeArmitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Craig T. Smith, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 18, 2020 <br><br> Court of Appeals Case No. 19A-CR-2230 <br><br> Appeal from the Bartholomew Circuit Court <br><br> The Honorable Kelly S. Benjamin, Judge <br><br> Trial Court Cause No. 03C01-1809-F6-5444 |

**Pyle, Judge.**

# Statement of the Case

Craig T. Smith ("Smith") appeals the two-and-one-half-year sentence imposed by the trial court following his guilty plea to Level 6 felony possession of methamphetamine.[1]  Smith argues that:  (1) the trial court abused its discretion in its determination of mitigating circumstances; and (2) his sentence is inappropriate.  Concluding that the trial court did not abuse its discretion and that Smith's sentence is not inappropriate, we affirm his sentence.

We affirm.

# Issues

1.  Whether the trial court abused its discretion in its determination of mitigating circumstances.

2.  Whether Smith's sentence is inappropriate.

# Facts[2]

On September 27, 2018, Columbus police officers were dispatched to an abandoned property to investigate the report of a suspicious person.  The officers found Smith and another man on the property.  When an officer patted down Smith and felt something in his pocket, Smith told the officer that the

---

[1] IND. CODE § 35-48-4-6.1.

[2] The facts regarding Smith's possession of methamphetamine offense as contained in his factual basis from his guilty plea is limited to the basic elements of the crime as necessary to establish a factual basis.  Because Smith has challenged his sentence as inappropriate, thus requiring us to review the nature of the offense at issue, we will include facts, as found in the record before us and that were considered by the trial court, regarding the nature of Smith's offense.

object was "Hot Wheels." (App. Vol. 2 at 16). Smith then pulled a sock out of his pocket. Ultimately, Smith admitted that the sock contained a pipe for smoking methamphetamine and drugs. The officer field tested the drugs, and they tested positive for methamphetamine.

[4] The State charged Smith with Level 6 felony possession of methamphetamine and Class C misdemeanor possession of paraphernalia. Smith was initially released on bond. Smith wrote a letter to the State, informing it that he was going to seek drug treatment. He, however, did not seek treatment. In November 2018, Smith fail to appear in court, and the trial court issued a bench warrant.

[5] On July 18, 2019, Smith entered a guilty plea to the Level 6 felony possession of methamphetamine charge in exchange for the State's dismissal of the Class C misdemeanor possession of paraphernalia charge. During the guilty plea hearing, Smith acknowledge that he abused drugs. When the trial court asked Smith if he wanted to receive treatment, Smith replied, "I would like that. I probably need some." (Tr. Vol. 2 at 13). Thereafter, the trial court referred Smith to be assessed for the REALM program, but Smith declined to participate in the program.

[6] At the sentencing hearing, Smith, who was fifty years old, admitted that he had a drug addiction to methamphetamine. Smith stated that he had declined to participate in the REALM program because it was at the jail and that he "prefer[red] to just get out of jail and go back . . . to work[.]" (Tr. Vol. 2 at 24).

When Smith's counsel asked him if he had anything to tell the judge that would aid her with Smith's sentencing decision, Smith responded, "No, not really. I'm just a drug addict and have been for years and I mean, that's no excuse but that's just the way it is[.]" (Tr. Vol. 2 at 26).

[7] The trial court found the following aggravating circumstances: (1) Smith's criminal history, which included thirty-four convictions spanning thirty-three years; (2) his previous violations of probation, which included nineteen times on probation, twenty-six petitions to revoke probation, and sixteen probation violations; (3) his rejection of prior offered treatment; and (4) his history of failing to appear in court, including his failure to appear in this case after the trial court had released him on bond so that he could receive treatment. The trial court recognized that Smith had pleaded guilty, noted that "the evidence [wa]s strong against him[,]" and determined that there was no significant mitigating circumstance. (Tr. Vol. 2 at 38). The trial court imposed a two-and-one-half (2½) year sentence. Smith now appeals.

# Decision

[8] Smith contends that: (1) the trial court abused its discretion in its determination of mitigating circumstances; and (2) his sentence is inappropriate. We will review each argument in turn.

## 1. Abuse of Discretion

[9] Smith argues that the trial court abused its discretion by failing to consider his guilty plea as a mitigating circumstance.

[10] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007).  So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion.  *Id.*  An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom.  *Id.*  A trial court may abuse its discretion in a number of ways, including:  (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[11] A trial court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance.  *Rascoe v. State*, 736 N.E.2d 246, 249 (Ind. 2000).  An allegation that the trial court abused its discretion by not identifying a defendant's guilty plea as a mitigator "requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant."  *Anglemyer v. State*, 875 N.E.2d 218, 220-21 (Ind. 2007).  "[A] guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility . . . or when the defendant receives a substantial benefit in return for the plea.  *Id.* at 221 (citing *Francis v. State*, 817 N.E.2d 235, 238 n.3 (Ind. 2004) and *Sensback v.*

*State*, 720 N.E.2d 1160, 1165 (Ind. 1999)). Additionally, "[a] guilty plea is not necessarily a mitigating factor where the . . . evidence against the defendant is so strong that the decision to plead guilty is merely pragmatic." *Amalfitano v. State*, 956 N.E.2d 208, 212 (Ind. Ct. App. 2011), *trans. denied*.

[12] Here, Smith received a benefit from his guilty plea because the State agreed to dismiss his possession of paraphernalia charge. Additionally, the trial court specifically noted that the evidence against Smith was strong, making Smith's decision to plead guilty merely a pragmatic decision. Accordingly, we conclude that the trial court did not abuse its discretion when it did not identify Smith's guilty plea as a mitigating circumstance. *See, e.g.*, *Amalfitano*, 956 N.E.2d at 212 (holding that the trial court did not abuse its discretion by failing to find the defendant's guilty plea as a mitigating factor).

## 2. Inappropriate Sentence

[13] Smith argues that his two-and-one-half-year sentence for his Level 6 felony possession of methamphetamine is inappropriate. He requests that we revise his sentence to two years.

[14] We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 7(B). The defendant has the burden of persuading us that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). The principal role of a Rule 7(B) review "should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the

sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). "Appellate Rule 7(B) analysis is not to determine whether another sentence is more appropriate but rather whether the sentence imposed is inappropriate." *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012) (internal quotation marks and citation omitted), *reh'g denied*.

[15] When determining whether a sentence is inappropriate, we acknowledge that the advisory sentence "is the starting point the Legislature has selected as an appropriate sentence for the crime committed." *Childress*, 848 N.E.2d at 1081. Here, Smith entered a guilty plea and was convicted of Level 6 felony possession of methamphetamine. A person who commits a Level 6 felony offense "shall be imprisoned for a fixed term of between six (6) months and two and one-half (2½) years, with the advisory sentence being one (1) year." I.C. § 35-50-2-7(b). The trial court imposed the maximum sentence of two and one-half (2½) years.

[16] Turning first to the nature of Smith's possession of methamphetamine offense, we note that Smith was found on another person's property with methamphetamine and a pipe to smoke the drug. Smith initially lied to a police officer and told him that he had Hot Wheels in his pocket.

[17] Turning to Smith's character, we note that Smith, who was fifty years old at the time of sentencing, has an extensive criminal history, which includes thirty-four convictions (twenty felonies and fourteen misdemeanors) spanning thirty-three

years. The trial court discussed Smith's convictions, which range from operating while intoxicated and possession of drug convictions to burglary, theft, and conversion convictions to false informing and forgery convictions. Smith also has a history of probation violations, which included nineteen placements on probation, twenty-six petitions to revoke probation, and sixteen probation violations. Additionally, Smith's character was revealed when he failed to appear in court after he had been released on bond and had indicated to the State and the trial court that he was going to seek treatment. When sentencing Smith, the trial court noted that Smith's character and extensive criminal history showed that Smith did not tell the truth, took things from people, and refused to follow court orders. We agree that his character indicates dishonesty and contempt for the law.

[18] Smith has not persuaded us that his two-and-one-half-year sentence for his Level 6 felony possession of methamphetamine is inappropriate. Therefore, we affirm the sentence imposed by the trial court.

[19] Affirmed.

May, J., and Crone, J., concur.